UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
----------------

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ALEXANDER KNEGINICH,
a/k/a Aleksandar Knjeginjić,
a/k/a Aleksandar-Željko Knjeginjić,
a/k/a "Žerac,"

                                    **INDICTMENT**

        Defendant.
_____/

The Grand Jury charges:

## INTRODUCTION

At all times pertinent hereto, the following relevant facts were true:

    1.      In March 1992, the Republic of Bosnia and Herzegovina (Bosnia) declared independence from the Socialist Federal Republic of Yugoslavia, leading to an armed conflict in Bosnia that lasted through 1995.  The population of Bosnia is largely composed of three groups: Bosniaks, who are primarily Muslim; Bosnian Croats, who are primarily Roman Catholic; and Bosnian Serbs, who are primarily Orthodox Christian.  During the Bosnian conflict, these three groups each formed an army, comprised largely of members from their group:  Bosniaks formed the Army of Bosnia and Herzegovina (Bosnian Army), Bosnian Croats formed the Croatian Defense Council (HVO), and Bosnian Serbs formed the Army of Republika Srpska (VRS).

    2.      The Municipality of Prijedor is located in the northwestern region of Bosnia.  Prijedor was inhabited by Bosniaks, Bosnian Serbs, and Bosnian Croats.  When the Bosnian conflict began, Bosnian Serbs in Prijedor sought to gain full control of the entire municipality.  Between April 29 and 30, 1992, Bosnian Serbs seized control of most political, municipal, and

military seats of power without resistance.  Starting around early May 1992, armed groups of predominantly Bosnian Serbs, known as Territorial Defense Units (TO), began attacking Muslim-majority villages in the municipality in an attempt to force the Muslim population out of the region.  Bosnian Serbs gained control of Prijedor, but a small number of non-Serbs, including Bosniaks, continued to live in the area.

3. The defendant, Alexander KNEGINICH, also known as Aleksandar Knjeginjić, Aleksandar-Željko Knjeginjić, and "Žerac," is a Bosnian Serb who was born in Prijedor on April 13, 1960.  Prior to the Bosnian conflict, KNEGINICH served in the Yugoslav People's Army (JNA) from 1978 until 1980.

4. At the outbreak of the Bosnian conflict, KNEGINICH served in the Prijedor TO from on or about April 7, 1992 until on or about May 20, 1992.

5. On or about August 28, 1993, KNEGINICH married Jasna Popović, and she took the name Jasna Knjeginjić.  Both KNEGINICH and Jasna Knjeginjic are ethnic Serbs.

6. As the conflict continued, KNEGINICH served in the VRS in and around Prijedor from on or about January 21, 1994 until on or about January 31, 1994, and again from on or about November 7, 1994 until on or about December 7, 1994.

7. KNEGINICH was arrested on or about April 11, 1994, along with three codefendants, for the murders of civilians Rejhan and Razija Sikiric, a Muslim couple, ages 57 and 58, who had resided in Prijedor.  The charges against KNEGINICH and his codefendants accused them of breaking into the Sikiric home and shooting Rejhan and Razija several times, killing them immediately.

8. KNEGINICH was detained on the murder charge from on or about April 11, 1994 until on or about October 10, 1994.  KNEGINICH was tried before the First Instance Court in

Banja Luka, Bosnia.  On October 10, 1994, the court acquitted KNEGINICH and released him from detention.  On or about January 17, 1996, the Superior Court of Banja Luka overturned the acquittal and remanded the case to the First Instance Court for re-trial.  On or about February 27, 1996, KNEGINICH signed a document acknowledging that he had been given notice of the Superior Court's decision to remand the case for re-trial.

9. In early to mid-2000, KNEGINICH applied for refugee status to the United States by completing and submitting a Form I-590 application, which he signed on or about May 19, 2000.  In the application, KNEGINICH claimed to be in an ethnically-mixed marriage.  In particular, he claimed that his wife was of Croatian ethnicity and that he feared being persecuted in Bosnia for that reason.  On or about November 28, 2000, KNEGINICH's application was approved.  On or about March 28, 2001, KNEGINICH was admitted to the United States, indefinitely, as a refugee pursuant to Section 207 of the Immigration and Nationality Act.

10. On or about March 28, 2002, KNEGINICH applied for permanent residence by completing and submitting a Form I-485 application.  On or about February 26, 2004, KNEGINICH's application was approved, and he became a lawful permanent resident of the United States.

11. On or about April 17, 2006, KNEGINICH applied for naturalization by completing and submitting a Form N-400 application.  In conjunction with his application, KNEGINICH was interviewed on August 14, 2006.  On January 30, 2007, KNEGINICH became a naturalized United States citizen in a proceeding held in the U.S. District Court for the Western District of Michigan in Grand Rapids, Michigan.

12. On or about January 30, 2007, KNEGINICH changed his legal name from Aleksandar-Željko Knjeginjić to Alexander KNEGINICH.

13. In 2009, two of KNEGINICH's co-conspirators were re-tried, convicted, and sentenced to a term of imprisonment for the murders of Rejhan and Razija Sikiric. KNEGINICH was living in the United States at that time and was not re-tried.

14. During his immigration and naturalization processes, KNEGINICH repeatedly affirmed, under penalty of perjury, that all of the information provided on his forms and in his statements to immigration and naturalization officers was true and correct.

## CHARGE

(Unlawful Procurement of Citizenship or Naturalization)

The Grand Jury incorporates and re-alleges the averments stated in introductory paragraphs 1 through 14 as though fully set forth herein.

Between on or about April 17, 2006 and January 30, 2007, in Grand Rapids, Michigan, in the Western District of Michigan, and elsewhere, the defendant,

ALEXANDER KNEGINICH,

did knowingly procure, and attempt to procure, contrary to law and without being entitled thereto, naturalization, citizenship, and documentary and other evidence of naturalization and citizenship, that is, a certificate of naturalization and citizenship for himself, by knowingly making materially false representations in, and knowingly omitting material information from, a Form N-400 Application for Naturalization and in statements to immigration and naturalization officials, including:

1. When asked whether he had been arrested, cited, or detained by any law enforcement officer for any reason, KNEGINICH failed to disclose that he had been arrested, cited, and detained by Bosnian law enforcement for the 1994 murders of civilians Rejhan and Razija Sikiric in Bosnia;

2. When asked whether he had been charged with committing any crime or offense, KNEGINICH failed to disclose that he had been charged in 1994 with murdering civilians Rejhan and Razija Sikiric in Bosnia;

3. When asked whether he had ever been in jail or prison, KNEGINICH failed to disclose that he had been in jail or prison in Bosnia in 1994 pending and during his trial for the murders of civilians Rejhan and Razija Sikiric;

4. When asked whether he had ever given false or misleading information to any U.S. Government official while applying for any immigration benefit or to prevent deportation, exclusion or removal, KNEGINICH falsely stated that he had not when, in fact and to his knowledge, he had previously:

    a. Falsely represented his prior foreign military service on his I-485 application to become a lawful permanent resident and on his I-590 refugee application;

    b. Failed to disclose his 1994 Bosnian arrest, murder charge, detention, trial, acquittal, and reinstatement of the murder charge on his I-485 application to become a lawful permanent resident and on his I-590 refugee application, and

    c. Falsely represented his wife's ethnicity on his I-590 refugee application and used that misrepresentation to support his claim that he feared persecution in Bosnia because he was in an ethnically-mixed marriage.

5. When asked whether he had ever lied to any U.S. Government official to gain entry or admission into the United States, KNEGINICH falsely stated that he had not when, in fact and to his knowledge, he had previously:

    a. Falsely represented his prior foreign military service on his I-485 application to become a lawful permanent resident and on his I-590 refugee application;

    b. Failed to disclose his 1994 Bosnian arrest, murder charge, detention, trial, acquittal, and reinstatement of the murder charge on his I-485 application

        to become a lawful permanent resident and on his I-590 refugee application, and

    c. Falsely represented his wife's ethnicity on his I-590 refugee application and used that misrepresentation to support his claim that he feared persecution in Bosnia because he was in an ethnically-mixed marriage.

18 U.S.C. § 1425(a)
18 U.S.C. § 1425(b)

## REVOCATION OF CITIZENSHIP

Upon a conviction of unlawfully procuring naturalization and citizenship in violation of Title 18, United States Code, Section 1425(a) and (b), as alleged in this Indictment, the Court shall revoke, set aside, and declare void the final order admitting ALEXANDER KNEGINICH to citizenship in the United States, and shall declare his Certificate of Naturalization to be canceled, pursuant to Title 8, United States Code, Section 1451(e).

A TRUE BILL

_____
GRAND JURY FOREPERSON

PATRICK MILES, JR.
United States Attorney
Western District of Michigan

_____
Hagen Walter Frank
Assistant United States Attorney

LESLIE R. CALDWELL
ASSISTANT ATTORNEY GENERAL
U.S. Department of Justice
Criminal Division

_____
Jamie B. Perry
Trial Attorney