UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALEXANDER KNEGINICH,
a/k/a Aleksandar Knjeginjic,
a/k/a Aleksandar-Zeljko Knjeginjic,
a/k/a Zerac,

    Defendant.
_____/

Case No. 1:16-cr-238

HON. JANET T. NEFF

## **MEMORANDUM OPINION**

Pending before the Court is Defendant Alexander Kneginich's Motion to Dismiss the Indictment (ECF No. 21). The Government has filed a Response in opposition (ECF No. 23), and Defendant has filed a Reply (ECF No. 24). Having reviewed the parties' submissions and the record, the Court denies Defendant's Motion.

Defendant was charged by way of indictment on December 14, 2016, with unlawful procurement of citizenship or naturalization in violation of 18 U.S.C. § 1425(a) and (b). The indictment charges that Defendant:

> "did knowingly procure, and attempt to procure, contrary to law and without being entitled thereto, naturalization, citizenship, and documentary and other evidence of naturalization and citizenship, that is, a certificate of naturalization and citizenship for himself, by knowingly making materially false representations in, and knowingly omitting material information from, a Form N-400 Application for Naturalization and in statements to immigration and naturalization officials …."

(ECF No. 1 at PageID.5). The applicable statute of limitations is 10 years. 18 U.S.C. § 3291.

Defendant asserts that the only alleged act that occurred within the ten-year limit is that Defendant became a naturalized citizen in a proceeding before the court on January 30, 2007. Defendant argues that date, however, should not be taken as the date starting the statute of limitations clock.

Defendant argues that while the Sixth Circuit has held that the statute of limitations for a violation of 18 U.S.C. § 1425(a) began to run on the date on which the defendant took an oath of citizenship, that was also the date on which the defendant signed a form N-445 at the naturalization ceremony, falsely denying that she ever committed a crime. *See United States v. Szilvagyi*, 417 F. App'x 472, 476 (6th Cir. 2011) (unpublished). Defendant contends *Szilvagyi* is thus inapplicable to his case because the indictment does not allege that any false statements were made at the naturalization ceremony. Further, the rationale in *Szilvagyi* was that the statute of limitations does not begin to run until each element of the crime was completed, so the defendant did not commit naturalization fraud until she took the oath of citizenship. *Id.* However, procuring naturalization is not a necessary element of the offense under § 1425(b); the crime is complete when a defendant applies for naturalization or citizenship to which he is not entitled (Def. Br., ECF No. 21 at PageID.52, citing *United States v. Moses*, 94 F.3d 182, 184 (5th Cir. 1996)). Thus, the crime here was completed at the time Defendant filed Form N-400 and was interviewed in connection with filing of Form N-400, on August 14, 2006. Since more than ten years have passed since that date and the filing of the indictment on December 14, 2016, the statute of limitations has expired and the indictment must be dismissed.

Contrary to Defendant's argument, the Court finds the decision and rationale in *Szilvagyi* on point and controlling.

As the Government points out, in *Szilvagyi*, the Sixth Circuit held that the crime of unlawful procurement of naturalization in violation of § 1425(a) is not complete until the defendant obtains citizenship by taking an oath of allegiance before a federal judge. 417 F. App'x at 476 (citing 8 U.S.C. § 1448(a) ("A person who has applied for naturalization shall, in order to be and before being admitted to citizenship, take in a public ceremony before the … court … an oath ….")). Although the defendant in *Szilvagyi* also made a false statement on the day of her naturalization ceremony, the Sixth Circuit analysis was not premised on the date of the false statement. Upon noting that unlawful procurement of naturalization in violation of § 1425(a) is not complete until the defendant obtains citizenship by taking an oath of allegiance before a federal judge, the Court expressly and simply held: "Consequently, Szilvagyi did not commit naturalization fraud until November 19, 1997, the date on which she took the oath of citizenship, and the statute of limitations began to run on this date." *Szilvagyi*, 417 F. App'x at 476.

Here, the indictment charges that Defendant "did knowingly procure, and attempt to procure" naturalization and citizenship in violation of § 1425(a) and (b). His crime was not complete until he actually obtained citizenship in a district court proceeding on January 30, 2007. The statute of limitations thus began to run on January 30, 2007, and the indictment was timely returned on December 14, 2016, within the ten year limitations period. That Defendant is also charged with attempting to procure citizenship does not change this result. *Cf. United States v. Pacchioli*, 718 F.3d 1294, 1300-01 (11th Cir. 2013) (explaining in a prosecution for bribery concerning programs receiving federal funds, 18 U.S.C. § 666(a)(2), that because the offense could be established through one of three disjunctive acts and the government had charged all three, the statute of limitations would be satisfied if any of the three occurred within the limitations period).

Defendant cites no authority that undermines these conclusions. Defendant's Motion to Dismiss the Indictment is properly denied. An Order will be entered consistent with this Memorandum Opinion.


DATED: May 10, 2017                         /s/ Janet T. Neff
                                                     JANET T. NEFF
                                                       United States District Judge